# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Orlando Division

| | | |
|---|---|---|
| Charles Steven Chauncy | ) ) | Case No. 6:20-cv-1288-ORL-78EJK |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) ) | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | ) ) ) ) | |
| David Michael Clower P. A. & David Michael Clower | ) ) | |
| *Defendant(s)* | ) ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) | |

## COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE
**(28 U.S.C. § 1332; Diversity of Citizenship)**

**I.     The Parties to This Complaint**

   **A.     The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Charles Steven Chauncy |
| Street Address | 2620 Bluefield Ave |
| City and County | Nashville- Davidson |
| State and Zip Code | Tennessee 37214 |
| Telephone Number | 615-337-3034 |
| E-mail Address | chauncys60@gmail.com |

   **B.     The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | David Michael Clower, P.A. |
| Job or Title *(if known)* | Attorney - Florida Bar 233617 |
| Street Address | 224 South Beach Street, Suite 204 |
| City and County | Daytona Beach, Volusia |
| State and Zip Code | Florida 32114 |
| Telephone Number | 386-239-0100 |
| E-mail Address *(if known)* | Clowerpa@att.net |

Defendant No. 2

| | |
|---|---|
| Name | David Michael Clower |
| Job or Title *(if known)* | Attorney |
| Street Address | 224 South Beach Street, Suite 204 |
| City and County | Daytona Beach, Volusia |
| State and Zip Code | Florida 32114 |
| Telephone Number | 386-230-0100 |
| E-mail Address *(if known)* | Clowerpa@att.net |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A. The Plaintiff(s)

1. If the plaintiff is an individual

    The plaintiff, *(name)* Charles Steven Chauncy , is a citizen of the State of *(name)* Tennessee .

2. If the plaintiff is a corporation

    The plaintiff, *(name)* Not applicable , is incorporated under the laws of the State of *(name)* ,

    and has its principal place of business in the State of *(name)*

    .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual

    The defendant, *(name)* David Michael Clower. , is a citizen of the State of *(name)* Florida . Or is a citizen of *(foreign nation)* .

2. If the defendant is a corporation

    The defendant, *(name)* David Michael Clower P.A. , is incorporated under the laws of the State of *(name)* Florida , and has its principal place of business in the State of *(name)* .

    Or is incorporated under the laws of *(foreign nation)* ,

    and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C. The Amount in Controversy

The amount in controversy−the amount the plaintiff claims the defendant owes or the amount at stake−is more than $75,000, not counting interest and costs of court, because *(explain)*:

The defendants are neligent in improperly excuting a Will from May, 2007 (Exhibit A). The court of record (7th Circuit, Division 10 (2018- 11957PRDL) (Exhibit B) ruled the Will was invalid because of "shortcuts" and failure of the defendants to properly execute the Will. The defendants' neligence denied the plaintiff's ability to be granted standing and to inherit the assets of the McNairy estate amounting to $1.3 million dollars. The plantiff would not have any prior knowledge to the neligence of the defendants' actions until probate proceedings in this matter commenced in January of 2019, and was ruled on July 5, 2019.

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On *(date)* 05/04/2007, at *(place)* Halifax River Yacht Club, Daytona Beach, Florida., the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances because *(describe the acts or failures to act and why they were negligent)*

In 2007 the defendant, D Michael Clower was retained by my mother, Nelegene Morgan and her companion Addison W. McNairy to draft and execute their individual Wills.The defendant was employed to act appropriately in the execution of both Wills. My mother's death preceded her companion's death by approximately seven (7). months. The Will drafted for my mother is not in question. The Will drafted by the defendant for the decedent Addison W. McNairy, according to Circuit Court Judge, Margarert W. Hudson was improperly executed according to Florida statute and the defendant took "shortcuts" in the improper execution of McNairy's Will. Therefore, McNairy's original 2007 Will was ruled invalid and the plaintiff was denied standing to challenge any subsequent Wills drafted to settle the estate of the decedent McNairy. Overmore, the Will of May 4, 2007 directed the majority of McNairy's estate go to my mother, Nell Morgan. Should she precede McNairy in death, which is the case, the McNairy's Will of 2007 directs and bequethed his estate to the plaintiff, Charles Steven Chauncy.

The acts or omissions caused or contributed to the cause of the plaintiff's injuries by *(explain)*

The defendants made errors and mistakes in excution of the McNairy, May 4, 2007 Will as follows:

1. The defendants did not use appropriate business procedures in the execution of McNairy's Will. The defendant carried the Will around in his car until which time he could establish a time to meet with the decedent, McNairy at the Halifax River Yacht Club, essentially a lunch time bar, to execute the Will. The defendant was familiar with patrons at the Yacht Club and at the spur of the moment solicited two men that knew the decedent to act as witnesses to the inept signing of the Will.

2. According to the District circuit court's findings the defendant did not have the decedent McNairy present in front of the witnesses to sign the May 4, 2007 Will. The court states the decedent McNairy was not even in the building at the time of the execution of the Will.

3. The defendant failed to provide a work product file with sufficient notes and details about the execution of Mr. McNairy's Will on May 4, 2007. The court gave more credibility to the Petitioner's witness because he allegedly gave more details to the execution of a mundane Will than the defendant that authored and notrazied the Will.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The plantiff, Charles Steven Chauncy has suffered significant finanicial loss in attorney fees, travel, lodging and meals in this matter. The plaintiff was clearly entitled to inherit Addison McNairy's estate, and if the defendants had acted appropriately, the outcome of the litigation in this matter would no doubt have been different.

The decedent's estate was audited and determined to consist entirely of liquid assets in the amount of $1.3 million dollars. The plaintiff seeks relief from damages in the amount of $1.3 million dollars or the amount of money he was entitled as directed in the decedent McNairy's Will of May 4, 2007.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case−related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07/20/2020

Signature of Plaintiff: S/Charles Steven Chauncy
Printed Name of Plaintiff: Charles Steven Chauncy

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney

| | |
|---|---|
| Bar Number | |
| Name of Law Firm | |
| Street Address | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | |