UNITED STATES DISTRICT COURT
For the
Middle District of Florida
Orlando Division

CHARLES STEVEN CHAUNCY,

    Plaintiff,

vs.

DAVID MICHAEL CLOWER, P.A.
And DAVID MICHAEL CLOWER,

    Defendants.
_____/

CASE NO.: 6:20-cv-1288-Orl-78EJK

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**I.    The Parties Filing This Answer to the Complaint:**

    Name: David Michael Clower, P.A.
    Street Address: 224 South Beach Street, Suite 204
    City and County: Daytona Beach / Volusia County
    State and Zip Code: Florida 32114
    Telephone Number: (386) 239-0100
    E-Mail Address:

    Name: David Michael Clower, individually
    Street Address: 224 South Beach Street, Suite 204
    City and County: Daytona Beach / Volusia County
    State and Zip Code: Florida 32114.

**II.    The Answer and Defenses to the Complaint:**

    **A.    Answering the Claims for Relief:**

    1.    The allegations in Paragraph 1 regarding "did not use appropriate business procedures in the execution of McNairy's Will" and "the inept signing of the Will" are DENIED. The remaining allegations of Paragraph 1 are admitted.

2. The allegations in Paragraph 2 are DENIED. The Court's written orders speak for themselves.

3. The allegations in Paragraph 3 are DENIED. The Court's written orders speak for themselves.

WHEREFORE, the Defendants pray that the Court find against the Plaintiff's claims and dismiss this action against both Defendants with prejudice.

**B. Presenting Defenses to the Claims for Relief:**

1. The complaint fails to state a claim of action upon which relief can be granted because:

   a. As regards the Defendant, in his individual capacity, the Plaintiff's Statement of Claim does not make any allegations against him in that capacity. Plaintiff's Statement of Claim pertains to legal services provided by the firm of David Michael Clower, P.A. As such, the complaint fails to state a legal or equitable cause of action against Defendant in his individual capacity and the complaint should be dismissed with prejudice for those reasons.

   b. On May 4, 2007, Addison W. McNairy, now deceased, executed a Last Will and Testament. Thereafter, on July 6, 2018, Mr. McNairy executed a new testamentary legal document entitled "Will and Testamentary Trust of Addison Woollen McNairy, a copy of which is attached hereto and incorporated by reference herein as Exhibit No. 1 to this Defense to Claim for Relief. The July 6, 2018 document, in its first paragraph on page 1, states that Mr. McNairy is "hereby revoking and annulling all other Wills and codicils by me heretofore made". The language of the July 6, 2018 testamentary instrument therefore revoked and annulled the May 4, 2007 Will. Once the new Will was executed, the May 4, 2007 Will was

revoked and of no effect. That the state Circuit Court in Volusia County, Florida, found the older Will to have not been properly executed is a moot question, since Mr. McNairy executed a new Will on July 6, 2018, that did not have the Plaintiff listed as an heir in any capacity. Therefore, based on this defense, the complaint fails to state a legal or equitable cause of action against the Defendants upon which relief can be granted and should be dismissed with prejudice for that reason.

### C. Affirmative Defenses to the Claim for Relief:

1. Lack of privity of contract: The Plaintiff never had any formal legal relationship with the Defendants. Defendant David Michael Clower, P.A., acted only as a witness for the Plaintiff in the state probate action that he filed in Volusia County, Florida, under the Case No. of 2018-11957-PRDL. There was never a contractual attorney/client relationship between the parties relating to the preparation and execution of Addison Woollen McNairy's May 4, 2007 Will. The Plaintiff should therefore be estopped from pursuant an action for negligence against the Defendants. Further, Defendant David Michael Clower in his individual capacity never had anything to do with these issues, as the Will was prepared and executed through the law firm of David Michael Clower, P.A. For the foregoing reasons, the Plaintiff should be estopped from pursuing a negligence action against both Defendants.

2. The Plaintiff's actions and behavior contributed to the loss he alleges to have suffered: The state Circuit Court in the Volusia County probate action under Case No. 2018-11957-PRDL, entered on July 5, 2019, it Order Denying Petition For Establishment And Probate Of Lost Or Destroyed Will And Appointment Of Personal Representative Filed By Steven Chauncy (Exhibit No. B to Plaintiff's complaint in this matter) denied the recovery sought by Mr.

Chauncy. On July 20, 2019, Mr. Chauncy took upon himself to write a letter to state Circuit Judge Margaret W. Hudson that chastised, to say the least, the Judge for not ruling in his favor. A copy of that letter is attached hereto and incorporated by reference herein as Exhibit No. 2 to this affirmative defense. The letter was so mean spirted that it could of had an adverse effect to the Motion for Reconsideration that was subsequently filed by Mr. Chauncy's legal counsel. This, even though Mr. Chauncy produced new evidence showing that Addison Woollen McNairy and the two individuals whose names appeared as Witnesses to the execution of the May 4, 2007 Will were present in the same room at the same time when the Will was executed. The behavior of Mr. Chauncy in penning the July 20, 2019 letter to Judge Hudson adversely effected his attempts to win his case at any cost. His behavior in these regards should be considered when this matter proceeds to mediation, hearings for dismissal, trial and any other related judicial proceeding in the case at hand.

  3. The Defendants reallege and incorporate by reference herein the Defenses to the Claims for Relief set forth above in paragraph B.1.a., as an Affirmative Defense to Plaintiff's complaint in this matter.

  4. The Defendants reallege and incorporated by reference herein the Defenses to the Claims for Relief set forth above in paragraph B.1.b., as an Affirmative Defense to Plaintiff's complaint in this matter.

  5. The Defendants reserve the right to allege additional affirmative defenses that may subsequently be discovered.

  I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my defenses.

I HEREBY CERTIFY that on this 20th day of August, 2020, I forwarded a true and correct copy of the foregoing by email to Charles Steven Chauncy at chauncys60@gmail.com..

_____
David Michael Clower, P.A.
Its President

_____
David Michael Clower