EXHIBIT NO. 1

# Will and Testamentary Trust

of

ADDISON WOOLLEN MCNAIRY

I, **ADDISON WOOLLEN MCNAIRY**, a resident of Volusia County, Florida, which I hereby declare to be my domicile, being of sound mind and memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking and annulling all other Wills and codicils by me heretofore made.

**FIRST:** I direct my personal representative, herein named, shall pay from my gross estate all of my legal debts, expenses of my last illness, funeral expenses, estate taxes, and administrative expenses as soon as practicable after death, all without court order.

**SECOND:** I give, devise and bequeath the sum of Ten Thousand ($10,000.00) Dollars to my Good Friend, LOUISE M. DRINNAN, to be hers, provided she survives me. If she fails to survive me, then this bequest shall lapse

**THIRD:** I give, devise and bequeath the sum of Ten Thousand ($10,000.00) Dollars to my Good Friend, BARRY L. GERDES, to be his, provided he survives me. If he fails to survive me, then this bequest shall lapse.

**FOURTH:** I give, devise and bequeath all of the rest, residue and remainder of my estate, both real and personal, of every nature wherever situate, of which I may die seized or possessed, including without limitation, all property acquired by me or to which I may become entitled after this Will, and all property over or concerning which I may have any power of appointment to my Trustee,

This is page 1 of my Last Will and Testament

DENNIS LEE GORDEN, to have, hold, retain and manage as the Trustee of the ADDISON WOOLLEN MCNAIRY TESTAMENTARY TRUST.

**FIFTH:** I direct that in effect, it being my intention that my Trustee shall have the powers to do any and all things that I could do if I were living. My Trustee is to hold the Trust assets in Trust, as Trustee, for the following uses and purposes and with all the powers following:

1. This Trust has been created for the express and sole purpose of allowing my Trustee to do good works as he sees fit, and to that end, all provisions, powers hereinafter provided shall be construed by my Trustee so as to best accomplish the purpose.

2. The Trustee, upon becoming Trustee, shall take, have, succeed to and be vested with all the titles and powers herein expressed as given the Trustee hereunder. The Trustee shall hold, manage, care for and protect the Trust and collect the income therefrom all in accordance with the Trustee's best judgment and discretion, being fully authorized to cause any securities or other property, real or personal, belonging to the Trust to be held or registered in the Trustee's name or in such other form as the Trustee deems best without disclosing the trust relationship.

3. Anyone that examines this Trust should be aware that I have no living family and I have no living relatives. For that reason, I have no beneficiaries to be cared for or distributed to from this Trust. I have known my Trustee for a long period of time and he is my trusted and reliable friend. My Trustee understands and knows what I would want done and how I would want it done. The only person my Trustee would have to account to is me, and I will be deceased when this Trust takes effect, so there will be no need to account to me or anyone else. My Trustee will not be required to follow modern portfolio theory and accordingly will be completely excused from the Uniform Prudent

This is page 2 of my Last Will and Testament

Investment act, found at F.S. 518.10. I specifically excuse my Trustee and fully authorize what some may call Imprudent Investments. My Trustee is specifically excused from what some may call Breach of Fiduciary Duty for the reason that I want my Trustee to be fully released from any concept of Fiduciary Duty. My Trustee has full and complete power of discretion regarding what is done with the Trust assets. My Trustee is fully authorized to distribute any amount whatsoever to any person, persons or entity that he chooses to distribute these Trust funds to. I have authorized my Trustee to give funds to any educational school or organization or to any entity or individual that he decides to.

4. I hereby authorize the Trustee to encroach upon the principal of the Trust for any reason that my Trustee may need, and my Trustee may make such encroachments from time to time and in such amounts as he may consider reasonable and necessary under the circumstances and for the purposes he wishes to use the principal for.

5. The Trustee shall have the following powers with respect to the Trust Estate, to be exercised as the Trustee in his discretion determines to be in the best interest of my Trustee's purposes:

(a) To retain any property of my estate, or any undivided interest therein, regardless of any lack of diversification, risk, or non-productivity;

(b) To invest and reinvest the Trust Estate in any property or undivided interests therein, wherever located, including bonds, notes, secured or unsecured, stocks of corporations, real estate or any interest therein and interests in trusts, including common trust funds, without being limited by any statute or rule of law concerning investments by trustees;

This is page 3 of my Last Will and Testament

(c) To sell any trust property, for cash or on credit, at public or private sale; to exchange any trust property for other property; to grant options to purchase or acquire any trust property; and to determine the prices and terms of sales, exchanges and options;

(d) To execute leases and sub-leases, even though such terms may extend beyond the termination of the trust; to subdivide or improve real estate and tear down or alter improvements; to grant easements, give consents and make contracts relating to real estate or its use; and to release or dedicate any interest in real estate;

(e) To borrow money and to mortgage or pledge any trust property;

(f) To take any action with respect to conserving or realizing upon the value of any trust property, and with respect to foreclosures, reorganizations or other changes affecting the trust property; to collect, pay, contest, compromise or abandon demands of or against the Trust Estate, wherever situated; and to execute contracts, notes, conveyances, and other instruments, including instruments containing covenants and warranties binding upon and creating a charge against the trust estate, and containing provisions excluding personal liability;

(g) To keep any property in the name of a nominee with or without disclosure of any fiduciary relationship;

(h) To employ agents, attorneys, auditors, depositaries and proxies, with or without discretionary powers;

(i) To determine the manner of ascertainment of income and principal, and the apportionment between income and principal of all receipts and My Trustee has no obligation to prepare or file any form or accounting for anyone;

(j) To receive additional property from any source and add it to and commingle it with the Trust Estate;

This is page 4 of my Last Will and Testament



(k) To enter into any transaction authorized by this paragraph with Trustees or legal representatives of any other trust or estate in which my Trustee has any desire to associate or contract with;

(l) To make any distribution or division of the trust property in cash or in kind or both, and to allot different kinds or disproportionate shares of property or undivided interests in property among the children or portions, and to determine the value of any such property; and to continue to exercise any powers and discretion herein given for a reasonable period after the termination of the trust, but only for so long as no rule of law relating to perpetuities would be violated;

(m) My Trustee shall have all the powers allotted to testamentary trustees under all applicable sections of the Florida Statutes as they now exist and as they may later be amended, as well as such other powers as may be authorized by the laws of the State of Florida at the time of my death. In addition to or in support of such powers, I authorize said Trustee to exercise any and all of the powers hereinbefore specified in this Will;

(n) My Trustee shall make payments for the benefit of the persons he elects to distribute to, or their natural guardians or to any other person having care or custody of, the persons he elects to distribute to. The Trustee shall not be obligated to see to the application of funds so disbursed, and the receipt of the payee shall fully protect the Trustee if the Trustee exercises due care in selecting the person paid;

(o) The Trustees named herein shall not be required to give bond as such, but if bond for any reasons shall nevertheless be required by a proper Court, the reasonable cost of such bond shall be paid out of said trust;

This is page 5 of my Last Will and Testament



(p) Whenever said Trustee has been granted power to exercise any discretion, it is my intention that the exercise shall be unlimited, absolute and final and shall be conclusive and binding on all concerned;

(q) Resignation of Trustee. The Trustee, or any successor trustee, may resign at any time on giving written notice, thirty (30) days before such resignation shall take effect, to the settlor, or after the death of the settlor, to all adult beneficiaries and to the guardians, conservators, or other fiduciaries of the estate of any minor or incompetent beneficiaries who may then be receiving or entitled to receive income hereunder. On the resignation of the corporate trustee, those to whom notice of resignation is to be given shall designate a successor trustee by written notice to the resigning trustee within thirty (30) days after receipt of the notice of resignation. In the event a successor trustee shall not be so designated, the resigning trustee shall have the right to appoint a successor trustee, or the resigning trustee or any beneficiary of this trust may secure the appointment of a successor trustee by a court of competent jurisdiction, at the expense of the trust estate. The resigning trustee shall transfer and deliver to the successor trustee the then entire trust and shall thereupon be discharged as Trustee of this trust and shall have no further powers, discretions, rights, obligations, or duties with reference to the trust and all such powers, discretions, rights, obligations, and duties of the resigning trustee shall inure to and be binding upon such successor trustee.

The Trustee, as compensation, shall receive fees according to an agreement between the Trustee and the Personal Representative of my Estate at the time this Trust comes into existence. My Personal Representative has full discretion to establish the Trustee fees based upon an agreement between my Personal Representative and the

This is page 6 of my Last Will and Testament

Trustee. Such commissions may be charged currently or deferred in the discretion of the Trustee.

SIXTH: No interest of any future yet unnamed beneficiary under any Trust created hereby, either income or in principal, shall be subject to pledge, assignment, sale or transfer in any manner, nor shall any future yet unnamed beneficiary have the power in any manner to anticipate, charge or encumber his or her interest either in income or principal, nor shall such interest of such beneficiary be liable or subject in any manner for the debts, contracts, liabilities, engagements, or torts of such beneficiary.

SEVENTH: I nominate, constitute and appoint my Good Friend, DENNIS LEE GORDEN, as Personal Representative of this, my Last Will and Testament, and in the event that my Personal Representative should predecease me or should he refuse, decline or be unable to act as Personal Representative aforesaid, then and only in such event, I nominate, constitute and appoint my Good Friend, MARGARET E. MCCORMICK, as contingent Personal Representative in his place and stead. I direct that my Personal Representative or contingent Personal Representative shall serve without bond or security as such, and shall have the fullest power and authority to sell, at public or private sale, with or without notice, for cash or credit, mortgage lease and dispose of all property, real and personal, at such times and upon such terms or conditions as either may determine, all without court order.

EIGHTH: I nominate, constitute and appoint my Good Friend, DENNIS LEE GORDEN, to serve as Trustee of the Testamentary Trust created under this Will. No Trustee named in this article shall be required to furnish bond or other security for the

This is page 7 of my Last Will and Testament

faithful performance of their duties as such Trustee. Such bond is specifically waived hereby.

IN WITNESS WHEREOF, I, **ADDISON WOOLLEN MCNAIRY**, have hereunto set my hand and seal to this, my Last Will and Testament, this 6 day of July 2018, consisting of 9 typewritten pages, including this page, each page of which I have identified by appending my initials thereto.

_____
**ADDISON WOOLLEN MCNAIRY**, Testator

On this 6 day of July 2018, **ADDISON WOOLLEN MCNAIRY**, declared to us, the undersigned, that the foregoing instrument was his Last Will and Testament and he requested us to act as witnesses to the same and his signature thereto. He thereupon signed said Will in our presence, we being present at the same time. We now, at his request and in his presence, and in the presence of each other, do hereunto subscribe our names as witnesses. We, and each of us, declare that we believe the Testator to be of sound mind and memory.

_____ residing at Ormond Beach, FL
Witness                                                   City, State

_____ residing at ORMOND BEACH, FL
Witness                                                   City, State

This is page 8 of my Last Will and Testament

STATE OF FLORIDA

COUNTY OF VOLUSIA

We, ADDISON WOOLLEN MCNAIRY, __Jerry B. Wells__ and __PATRICK ADSIT__, the Testator and the witnesses, respectively, whose names are signed to the attached and foregoing instrument, having been sworn, declared to the undersigned officer that the Testator in the presence of the witnesses signed the instrument as his Last Will, that he signed, and that each of the witnesses, in the presence of the Testator and in the presence of each other, signed the Will as a witness.

_____
ADDISON WOOLLEN MCNAIRY, Testator

_____
Witness

_____
Witness

The foregoing instrument was acknowledged before me this __6__ day of July 2018, by ADDISON WOOLLEN MCNAIRY, the Testator, who is personally known to me or who has produced __FL Driver's Lic #M_____ as identification, and by __Jerry B. Wells__ and __Patrick Adsit__, the witnesses, who are personally known to me.

(Seal)  DEBORAH LYNN SCHMIT
MY COMMISSION # FF 232074
EXPIRES: May 18, 2019
Bonded Thru Budget Notary Services

_____
Signature of Notary
State of Florida
My commission expires: __5/18/19__

This is page 9 of my Last Will and Testament

EXHIBIT NO. 2

Judge Margaret W. Hudson  
Division 10, 101 North Alabama Avenue  
Deland, Florida 32724

July 20, 2019

Dear Judge Hudson,

I am writing to share with you my concern on your ruling on the matter concerning the administrative probate of the estate of Addison Woolen McNairy case # 2018-11957- PRDL. I fully understand you have a difficult job. Your, job which I should not be required to remind you, is to rule fairly and impartially on the matters brought before you and to serve the people that come before you with empathy, due process and a desire to obtain the total truth about the issues brought before the court. You obviously have no idea about the truth of this issue. I respectfully feel that your ruling in this matter is wrong, a travesty, and a miscarriage of justice.

I read on the internet that for you to read my letter, I must give a copy to all the parties. I can assure you I will personally deliver Wells, Clower, and Stack, a copy of this letter in a sealed envelope just as I have left a copy in your office, and the office of Chief Judge Zambrano of the 7th Judicial District. In due time all the current members of the Volusia County Bar and the Office of the Florida Bar, the Florida Supreme Court, and perhaps the Governor's office of Florida, and the local Daytona Beach newspaper will receive a copy by email. Isn't freedom of speech and press a great thing?

Your preposterous order of July 5, 2019 in this matter has enabled and validated three men one being a slick talking lawyer, Jerry B. Wells, that are all Halifax Yacht club buddies, and personal friends with one another to conspire, mislead and trick a demented 98-year-old man to attain the economic benefits of his estate. Mr. Addison McNairy, the decedent was legally blind, deaf, confined to a motorized chair and diagnosed with dementia and COPD of which he ultimately died. All these shenanigans took place in secrecy without the knowledge of Mr. McNairy's power of attorney which was in effect at the time the petitioner, Dennis Lee Gorden (July 6, 2018) took Mr. McNairy to attorney Well's office some five weeks before his death to draft a subsequent Testamentary Will -Trust allegedly negating Mr. McNairy's directives in the Will of May of 2007. With your ruling of July 5, 2019 which in your order erroneously lists the hearing date as May 23, 2019 the decedents estate is awarded to one individual, Dennis Lee Gorden, to do "Good Works" a man that befriended the decedent in 2016 after my mother's incapacity, due to onset aggressive dementia, disallowing her to continue to take care of the decedent's affairs as she had done for years. Mr. Gorden has past criminal charges, is a professed used car salesman, and a scheming scum bucket, but of course being a scum bucket is not illegal and is apparently inadmissible in a court. Gorden has no history that supports him being a charitable man. On July 2, 2018, Gorden took the decedent to the Halifax Hospital emergency room because of a fall, disorientation, and slurring of speech. The medical report states the 98-year-old decedent had (AMS) altered mental status. Four days later Gorden took the decedent to Wells to initiate the Testamentary Will-Trust of July 6, 2018.

I sincerely hope you adequately read the documents that were submitted in this matter and just didn't listen and shift the research of this case to an intern or law clerk to assist in making such a horrendous ruling. Attorney Mike Clower drafted Wills in 2007 for both my mother in October,2007 and her life-long companion, Mr. Addison McNairy in May 2007. The couple essentially left one another their assets, with the exception, of an annuity my mother bequeathed to me. In your wisdom and ruling you have now

awarded my mother's home bequeathed to Mr. McNairy to a mere casual acquaintance. Do you seriously consider that type of decision justice and the right thing to do?

Now, let's talk about attorney Mike Clower, with your ruling, that now labels him as a perjurer and a liar. What under god's green earth does this attorney have to lie about or be biased about?? What would be his motive? He verified three times he executed the Will of 2007 according to Flordia Statutes. He first verified by notarizing and signing the Will in 2007, secondly, he drafted an affidavit in December 2018 stating he properly executed the decedent's 2007 Will, and thirdly he testified before you that he properly executed the 2007 Will. Do you really believe Mike Clower lied all these times? Do you really have the audacity to reject and implicate a practicing attorney in your court with of 42 years, solid experience, with good standing and no disciplinary history as an out and out liar? What facts do you base the alleged "short cuts" you have attributed to Mr. Clower? Your patronizing statement that both witnesses are credible is an absolute ludicrous statement; you stated in your order attorney Clower took "short cuts" and therefore, did not execute the 2007 Will properly. Absolutely, no doubt you implied he is a liar. You further sated you were going to take the matter under advisement which even a lay person knows you didn't have the guts to decide from the bench in front of the parties. Your ruse of a fair ruling negates my standing as an heir to the 2007 Will because you denied it's validity. Because the attorney drafting the Will according to your implied written opinion is negligent, a liar, and a perjurer that improperly executed the decedent's 2007 Will.

Further to the point of unbelievability of your decision, Clower would have had to violate the law three times when he allegedly negligently, drafted the Will of 2007, which he took to the Halifax Yacht Club to have the decedent sign.

1. He notarized the Will without either decedent or the witnesses, or both not being present.
2. He had the decedent sign the Will without the witnesses.
3. He had the witnesses sign the Will without the decedent.

Do you really think Mr. Clower did this? If so, are you going to sanction or report Mike Clower's unethical behavior and negligence to the Flordia Bar? I promise you I will be communicating this debacle of justice to the Flordia Bar. What does this ruling say to all the other attorneys in your judicial district? If an attorney can't remember how he or she executed a will 12 years ago or longer, they must be a liar? A lay witness that you never met before, with documented facts before you that substantiate that he lied about his sworn diametrical statements of 2007 and 2018 in this matter, you believe his testimony because 'he looks credible' and states he remembers where 'everyone was sitting'. These are the facts you are ruining an attorney's reputation over. You absolutely have no substantial proof to give the lay witness more weight to his testimony than a long time Flordia attorney in the good standing with the Volusia County Bar, and Flordia Bar. Mr. Clower swore three times he executed the decedent's Will properly. You threw Mike Clower under the bus for no valid reason. Clower, by all account is a respected attorney and officer of the court who was just simply doing his job. You allowed Wells to demean, call Mr. Clower, a liar, negligent, lazy and incompetent without stopping Wells from the relentless tirade and berating of attorney Clower in open court. You have now validated Wells beratement of attorney Clower. Just so you know, I have a recording of the June 10, 2019 hearing that substantiates what I am stating. Apparently, the digital recording department at the Deland Court House informed me these hearings are not recorded or videoed. I can see why there is no recording, you were obviously trying to hide this incompetent ruling and wanted no evidence to contradict your written opinion and order. What is your motive? Near the end of the hearing you stated to everyone present "what do I do next"?

Aren't you the judge and you have to ask the attorney's what to do next? You allowed Wells to control every aspect of the courtroom.

Now let's turn the attention to the witness Michael Main. Main swore and signed the Will of 2007 as a witness. In November of 2018, Gorden and Wells initiated contact with Main approximately 12 years later to facilitate Main in recanting his witnessing of the 2007 Will. Now who is lying? Main swears to one legal document in 2007 and files an affidavit swearing to something different in 2018. Main is a close friend with Gorden who now with your misguided ruling has enabled, by his false testimony, his personal friends, Wells and Gorden to reap the economic benefit and control of approximately a 1.2-million-dollar estate of the decedent. Can you not comprehend Main has a clear motive because his documented close friend is now inheriting a substantial amount of money?

You give validity to Main and stated he is credible because you believe he referred to more details in his testimony. Could it be possible that Wells over the prolonged amount of time it took you to hear this case provided detailed preparation to Main for his so-called detailed answers? Do you remember the details of the first cases you presided over starting in 2006? Are you aware Wells is personal friends with Main and Gorden? Wells certainly will receive substantial economic gain for his services. Are you naïve or immune to the fact Gorden now has every opportunity to reward Main for his perjured testimony? Really illogical and suspect. Appears to be the best of all worlds for all the involved Yacht Club buddies, don't you think? I see you were one time named woman of the year at the Halifax Yacht Club. Congratulations on that award.

I was a long-time high school principal, and over the years trust me I have seen, lying, deceit scheming, trickery, half-truths, relentless greed, and so many flaws of human nature. I was fortunate over the years I developed a process to recognize "truth by omission" and know when the wool was being pulled over my eyes. I wish you had somehow demonstrated the same skill in this matter. My mother spent over 43 years of her life with Mr. McNairy ( pictures enclosed) and when they were of sound mind in 2007, and they made their joint decisions and choices on how to distribute their property and assets, it was not to allow some carpetbagger and rogue lawyer to attain the assets belonging to either of them. They both believed they had solid and valid Wills prepared by attorney Clower. According to your brilliant ruling the decedent paid Mr. Clower for an invalid Will in 2007. Makes perfect sense. I guess my mother's Will is invalid too because it was drafted by Mr. Clower and I must refund my economic inheritance to some unknow recipient of your choice, this logic is just as absurd and ridiculous as your July 5, order. Perhaps every Will attorney Clower has made is invalid. If I was attorney Clower I would be livid with your implications.

As eloquent and knowledgeable as you apparently think Wells is and the obvious bias you showed towards him at the hearing, he is no -where near the honorable man he masquerades to be. Why do you think a man like Wells, with any sense of integrity stated in the presence of others individual's my mother was 'just a girlfriend and the decedent didn't really care about her he had two other women? What kind of honorable man does such a thing? Fill in the blank for yourself. Her only fault is: dementia claimed her life eight months before her life-long companion, the decedent. You have robbed me of my rightful inheritance without the decency to grant me my day in court to contest the coerced and undue influence imposed on the decedent in drafting the Will of 2018. You have enabled Gorden to deny the decedent and my mother their desired wishes of their remains after their death. He has destroyed the memories of two lifelong companions and those that loved them. To exacerbate the issue Gorden took the decedent's ashes which denied my mother and her companion to have their ashes spread together

in the Halifax River per their wishes. Wells, in his callous manner suggested for me to give Gorden my mother's ashes and he would have them spread with the decedent's ashes. Unbelievable individuals.

One of my close friends has been elected numerous times to the same position that you currently as a circuit judge in Davidson County, Tennessee. I am thankful he applies common sense and would never make such an arbitrary fact less ruling based on something more than the 'witness knew where everyone was sitting'. Such a baseless ruling surly would adversely and unnecessarily punish someone entitled to an inheritance, as well as the attorneys he serves in his judicial district in Tennessee.

My former counsel Mr. Melvin Stack filed a motion for a rehearing. Which you have denied. I guess you will chalk this letter up to I am just another disgruntled losing client. I am far more than disgruntled; I am disgusted and know home cooking when I see it. In my opinion, you are an embarrassment to the judicial branch of government in state of Florida.

Furthermore, adding to the complete farce of this whole matter, the Will of July 6, 2018 states on page 2 item 3. The 98-year-old demented decedent attests he "has no living family and has no living relatives". For that reason, 'he has no beneficiaries to be cared for necessary distribution from this Trust. I have known my trustee (Gorden) for a long period of time (2 years) and he knows what I would want done'. Truth be told Gorden was a casual acquaintance that had morning coffee with the decedent that began after my mother's physical demise in 2016. Subsequently, Gorden took control of the decedent's life.

My mother and I have personally known the decedent for 40 years plus and I know for a fact the decedent did not want his estate settled in this manner. Also, I have verified by ancestry. com the decedent has 22 living relatives in Greensboro, North Carolina, his hometown, of which I have personally communicated with two first cousins and one second cousin. Why did Wells not even check to see if the decedent had any living relatives? The answer is obvious. For that matter why did the court not inquire with Wells if the decedent had any living relatives before awarding a 1.2-million-dollar estate to a bunch of conspiring, deceptive, and greedy individuals. You have allowed it. What a combination of buffoonery. A disgrace!

In closing, this is not over with me, as sure as the sun comes up each day, whoever you are accountable to, other than the voters, the Flordia Bar will hear my perception about this kangaroo court image. Circuit court judges in Flordia are apparently like Teflon; nothing sticks on them. The good thing about me not being in the legal profession and just a lay person, I have not had to restrict my dialogue to the legal vocabulary. I can do something that is not the apparent norm in your court; just TELL THE PLAIN TRUTH. I am 100% confident nothing will come of my dismay and public complaint in this matter, but what the hell, I am losing a 1.2 million-dollar estate that by all reasonable rights I am entitled; to a bunch of cronies and liars without ever be granted an opportunity to get to the heart of the issue in a court of law. I still have my integrity. I can accept my fate and live with your preposterous outrageous decision; Can you live with your decision? I guess this letter will have to be worth 1.2 million dollars. Try to think this through, clear your mind, it has certainly been fogged to this point. Have a good day.

Dr. Steven Chauncy
2620 Bluefield Ave
Nashville, TN. 37214                                             615-337-3034 Chauncys60@gmail.com

Copies: Jerry Wells, Mike Clower, Melvin Stack, Raul Zambrano